UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

In re                                                   Chapter 13
Debria M. Moncree,                                      Case No. 11-37261-svk
          Debtor.

_____

MEMORANDUM DECISION
_____

The issue is whether Debria Moncree (the "Debtor") can change the valuation of her real estate located at 3001-3003 North 8th Street in Milwaukee (the "property") to reduce the amount payable to a secured creditor in her second amended Chapter 13 plan. The Debtor valued the property at $75,600 in a first amended plan filed July 3, 2013. Bank of America, successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing LP (the "Creditor") holds a mortgage on the property. The first amended plan proposed to pay the Creditor the principal amount of $75,600 plus interest of 4.5%. The Creditor did not object to this treatment, and the Court confirmed the first amended plan on September 19, 2013.

The Creditor filed a claim in the amount of $246,618.02. On August 1, 2013, the Debtor filed an objection to the claim, contending that the amount should be limited to $75,600, consistent with the plan. The Court ordered the Creditor to file a response to the claim objection and offered the opportunity for a hearing. The Creditor did not respond or request a hearing, and the Court entered an order on September 16, 2013, allowing the Creditor's secured claim in the amount of $75,600.

On March 18, 2014, the Debtor filed a second amended plan. The plan proposes to decrease the amount of the payments to the Creditor to reflect a secured claim in the amount of $48,500, consistent with a new appraisal the Debtor obtained. According to the Debtor, the

original appraisal did not take into account repairs that are necessary to convert the property to a day care center. The Creditor and the Chapter 13 Trustee objected to the modified plan. The Court held a hearing, and the parties filed briefs. This Decision constitutes the Court's findings of fact and conclusions of law.

The Court has the authority to enter a final order as this proceeding involves the allowance of a claim and the confirmation of a plan. *See* 28 U.S.C. § 157(b)(2)(B) and (L). These core proceedings are not constitutionally suspect under *Stern v. Marshall,* 131 S. Ct. 2594 (2011).

Section 1327 of the Bankruptcy Code provides that a confirmed plan binds the debtor and each creditor, whether or not the creditor has objected to, accepted or rejected the plan. "Confirmation of a Chapter 13 plan is essentially an adjudication of litigation over the issues of the classification and treatment of claims provided for in a proposed chapter 13 plan, and is res judicata on those issues." *Berrouet v. BAC Home Loan Servicing (In re Berrouet)*, 469 B.R. 393, 396 (Bankr. N.D. Ga. 2012) (citing *Ford Motor Credit Co. v. Parmenter (In re Parmenter)*, 527 F.3d 606, 609 (6th Cir. 2008); *Ford Motor Credit Co. v. Stevens (In re Stevens)*, 130 F.3d 1027, 1029 (11th Cir. 1997)). The confirmed plan, including the allowance of the Creditor's claim at $75,600, is binding on the Debtor, as well as the Creditor.

The Debtor argues that Bankruptcy Code § 1329 permits her to modify her plan to reduce the amount payable to the Creditor and that "estimates of value made during bankruptcy proceedings are binding only for the purpose of the specific hearing and do not have a res judicata effect in subsequent hearings." *See In re Mon View Mining Co.*, 479 B.R. 670, 679-80 (Bankr. W.D. Pa. 2012). In *Mon View*, a Chapter 11 debtor valued real property in its schedules at $22 million. After a court-approved sale, the buyer defaulted, and the debtor regained title to

2

the property.  When the debtor sought to sell the property a second time, it challenged a real estate transfer tax against the property.  The bankruptcy court agreed with the debtor, and held it was not bound by the valuation of the property in its schedules.  This case is obviously different, as it involves a valuation established in a confirmed plan and claim objection.

*Mon View* relied on *Suntrust Bank v. Blue Water Fiber L.P.*, 93 F. Supp. 2d 787 (E.D. Mich. 2000), another distinguishable case.  The issue there was whether a valuation hearing determination of certain option rights was binding in a later district court proceeding.  The court noted the summary nature of the valuation proceeding, and it differentiated a case in which the valuation established in a confirmed Chapter 13 plan was binding on a creditor that did not object to confirmation.  *See Midlantic Nat'l Bank v. Kouterick (In re Kouterick)*, 161 B.R. 755 (Bankr. D.N.J. 1993).  The Court concludes that neither Bankruptcy Code § 506(a), authorizing value determinations in light of the purpose of the valuation, nor the authorities cited by the Debtor are applicable in these circumstances.

The Debtor also relies on *In re Frost*, 123 B.R. 254 (S.D. Ohio 1990).  In that case, even though a confirmed plan treated a creditor's mortgage claim as fully secured, the court allowed the debtor to modify the plan and bifurcate the claim into secured and unsecured claims.  The reason the *Frost* court gave for this unorthodox action was that the debtor could simply dismiss the case, refile and obtain the same result.  This Court agrees with *GMAC v. Smith (In re Smith)*, 259 B.R. 323, 327 (Bankr. S.D. Ill. 2001), that this reasoning is "specious."  If the Debtor wishes to refile and offer her new appraisal as evidence of the value of the property, she is free to do so.  But the ability to file a new case does not change the fact that the confirmed plan is binding on the Debtor in the present case.  Several courts have pointed out that *Frost* was abrogated by *Chrysler Financial Corp. v. Nolan (In re Nolan)*, 232 F.3d 528 (6th Cir. 2000), in which the

3

Sixth Circuit Court of Appeals held that § 1329(a) only permits modification of the amount and timing of the plan payments, not the total amount of the claim.  *See, e.g., In re Jefferson*, 345 B.R. 577, 578 (Bankr. N.D. Miss. 2006); *but see In re Brown*, 463 B.R. 134 (Bankr. S.D. Ind. 2011) (declining to follow *Nolan*).

The Debtor cites *In re Boykin*, 428 B.R. 662 (Bankr. D.S.C. 2009), as supporting the post-confirmation alteration of a secured creditor's treatment.  In *Boykin*, the debtor asserted that an unexpected increase in her housing expenses reduced her net income below the amount necessary to fund her plan.  The bankruptcy court noted the split of authority on this issue, but allowed the debtor to modify her plan to provide for surrender of her vehicle in satisfaction of the creditor's secured claim, in light of the debtor's substantial and unanticipated change in her post-confirmation financial condition.  In *Boykin*, even though the vehicle required mechanical repairs and was not operable, there was no indication that the debtor had abused or neglected the vehicle, and there was no showing of a lack of good faith to preclude confirmation of the modified plan.

Other courts allow modification by surrender under § 1329 if the debtor has experienced a change in financial circumstances.  *See Brown*, 463 B.R. at 139 (collecting cases).  The *Brown* court denied a modification where the debtor experienced no change in financial circumstances, but simply did not wish to pay for repairs to her vehicle.  *Id.* at 139-40.  In this case, the Debtor does not propose to surrender the property, but rather to reduce the amount of the Creditor's secured claim based on the new appraisal.  *Nolan* and its progeny certainly would not permit this modification of the secured claim, and even the courts that do not follow *Nolan* likely would be skeptical of this proposal, especially in the absence of proof that the Debtor's financial circumstances have changed.

4

In *Beam v. Chase Home Finance, LLC (In re Beam)*, 510 B.R. 399 (Bankr. N.D. Ga. 2014), the debtors attempted to modify the treatment of a second mortgage creditor. The original plan proposed to pay the creditor in full, but the amended plan proposed to strip the creditor's lien since there was no equity in the property. *Beam* did not involve property that declined in value during the case; apparently there was no equity for the second mortgage as of the petition date. Surveying the cases on post-confirmation modifications and the reconsideration of claims for cause, the court denied the debtors' modification, concluding that § 1329 does not permit a debtor to retroactively reclassify the status of a claim and that the debtors had not shown cause for reconsideration of the claim under § 502(j). For the same reasons, this Court must deny the Debtor's proposed modification.

Without wading into the debate as to whether a debtor should ever be permitted to surrender collateral in a post-confirmation modification, the Court concludes that neither § 1329(a) nor § 502(j) permits a debtor to modify a confirmed Chapter 13 plan to reduce the amount of a creditor's allowed secured claim under the circumstances present here. Confirmation of the Debtor's second amended plan is denied.

Dated: June 27, 2014

By the Court:

*Susan V. Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge